IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID ANGEL SIFUENTES III,

Plaintiff,

v.                                                                Case No. 26-cv-1163-JMK-JBW

SLICKWRAPS,

Defendant.

**ORDER DENYING WITHOUT PREJUDICE
PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff has filed a Motion for Appointment of Counsel (Dkt. 5). He requests the Court

enter an order appointing counsel to represent him in this case pursuant to 28 U.S.C. § 1915(e)(1).

In his motion, Plaintiff addresses the factors considered for appointment of counsel under that

statute, including the complexity of the case, his inability to present the case, his efforts to secure

legal counsel on his own, and the merits of his claims.

Unlike a criminal defendant, a plaintiff in a *civil* case has no constitutional or statutory

right to appointed counsel.[1]  For a party proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(1)

provides discretionary authority for the court to "request an attorney to represent any person unable

to afford counsel." The provision, however, does not provide a statutory right to counsel. In

determining whether to appoint counsel under 28 U.S.C. § 1915(e), the Tenth Circuit has directed

district courts to evaluate the following factors: "the merits of the litigant's claims, the nature of

the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity

---

[1] *See Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").

of the legal issues raised by the claims."[2]  Further, the party requesting the appointment of counsel

must make diligent efforts to secure an attorney on his or her own.[3] This District's form motion

for appointment of counsel in a civil case requires a movant to list at least five attorneys contacted

before filing the motion.

The appointment of counsel for a plaintiff in a civil case is rare because Congress has not

provided any mechanism or funding to compensate counsel appointed in civil cases.[4] Therefore,

the Court would have to find an attorney willing to be appointed and provide his or her legal

services pro bono (without payment) so the Court must make thoughtful and prudent use of its

appointment power.

The Court has considered Plaintiff's motion for appointment of counsel under the above

factors and concludes the factors do not warrant the appointment of counsel at this time. Although

Plaintiff states he has made diligent, good-faith efforts to secure legal representation on his own,

he does not support his statement with the names of five attorneys or law firms he contacted.[5]  The

---

[2] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

[3] *Cline v. Seal*, No. 22-cv-4009-TC-TJJ, 2022 WL 873419, at *2 (D. Kan. Mar. 24, 2022).

[4] *See Castner*, 979 F.2d at 1420 ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

[5] Plaintiff did not use the District of Kansas form motion for appointment of counsel. It states the court "typically requires that before seeking an appointed attorney, a plaintiff confer with (not merely contact) at least five attorneys regarding legal representation" and asks the applicant to list the names of the attorneys contacted. https://www.ksd.uscourts.gov/sites/ksd/files/Motion-for-appointment-of-counsel-2018.pdf.

remaining factors also do not warrant the appointment of counsel for Plaintiff at this time. Plaintiff argues that due to his lack of legal education, limited resources, and the technical nature of a product liability lawsuit against a corporate entity, he is ill-equipped to conduct necessary depositions, handle complex electronic discovery, or properly present his case. "While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court sees no basis to distinguish [the pro se party requesting counsel] from the many other untrained individuals who represent themselves *pro se* on various types of claims in courts throughout the United States on any given day."[6]  A review of Plaintiff's complaint and other filings to date shows he appears quite capable of adequately representing himself at this early stage of the proceedings, particularly given the liberal standards governing *pro se* litigants.

Plaintiff also argues in his motion that this action involves "complex claims concerning torts, personal injury, and product liability, the legal and factual issues surrounding product liability require specialized legal knowledge, discovery procedures, and potentially expert testimony, which Plaintiff is untrained to navigate effectively." Even if some of the factual and legal issues may be complex, Plaintiff's own words show that he understands his claims and the factual and legal issues raised by those claims. Plaintiff has not demonstrated any reason why he cannot continue to litigate his claims to the Court in this case. On balance, the relevant factors weigh against appointing counsel under Section 1915(e)(1) at this time.

While "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give

---

[6] *Cahail v. United States*, No. 25-cv-1016-JWB-BGS, 2025 WL 2320810, at *2 (D. Kan. Aug. 12, 2025).

itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[7]  The Court therefore denies Plaintiff's motion, but without prejudice to the refiling of the motion at a later stage of the proceedings, if warranted.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Dkt. 5) is denied without prejudice.

A copy of this Order shall be mailed to Plaintiff.

**IT IS SO ORDERED.**

Dated July 10, 2026, in Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge

---

[7] *Cline v. Russo*, No. 22-cv-4010-TC-TJJ, 2022 WL 873418, at *2 (D. Kan. Mar. 24, 2022) (quoting *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998)).