IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID ANGEL SIFUENTES III,

Plaintiff,

v.

SLICKWRAPS,

Defendant.

Case No. 26-cv-1163-JMK-JBW

# ORDER

This matter is before the Court on Plaintiff's Motion for Alternative Service, for Extension of Time to Complete Service, and for Issuance of a New Summons (Dkt. 12). Plaintiff requests the Court enter an order: (1) extending the time to serve Defendant; (2) directing the Clerk to issue his attached proposed summons; and (3) authorizing and directing service upon Defendant corporation through the Kansas Secretary of State as Defendant's statutory agent. As explained below, the motion is granted in part and denied in part.

## I. Background

On June 15, 2026, Plaintiff filed his Complaint commencing this action. On July 9, 2026, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and ordered Plaintiff to provide the Clerk's office with a mailing address to serve Defendant Slickwraps (Dkt. 7). The Order further directed the U.S. Marshals Service ("USMS") to attempt service on Defendant at the address to be provided by Plaintiff. On July 17, 2026, Plaintiff filed a notice (Dkt. 9) with a 2024 S. Welsh Street, Wichita, Kansas mailing address for Defendant and the Clerk's Office issued a summons for service upon Defendant at that address.

On August 5, 2026, the Clerk's Office docketed an unexecuted service of process receipt and return for Defendant (Dkt. 10). It certified the USMS was unable to locate Defendant after making two attempts to serve Defendant at the Welsh Street address on July 22 and July 28, 2026. The USMS also attempted to serve Defendant at 355 N. Mosley Street in Wichita on July 22, 2026. In response, the Court entered an Order (Dkt. 11) on August 11, 2026, directing Plaintiff to file by August 28, 2026, a notice with the address where he requests that the USMS again attempt service on Defendant so the Clerk's Office could reissue summons and the USMS proceed with service. On August 12, 2026, Plaintiff filed the instant Motion.[1] The docket reflects no activity since Plaintiff filed his motion.

**II. Request for Extension of Time to Serve Defendant**

Plaintiff requests an extension of his deadline to serve Defendant to "sixty (60) days from the date of the Court's order." Under Federal Rule of Civil Procedure 4(m), Plaintiff must serve Defendant within 90 days after the complaint is filed. It further provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[2] The Court's prior Order (Dkt. 11) already *sua sponte* extended the Rule 4(m) deadline for Plaintiff to serve Defendant to

---

[1] The envelope in which Plaintiff mailed his motion shows U.S. mail postage issued on August 7, 2026. Dkt. 12-3. The Clerk's Office received Plaintiff's motion on August 12, 2026.

[2] Fed. R. Civ. P. 4(m).

September 30, 2026. Plaintiff's present motion requests an additional sixty days to serve Defendant. The Court finds Plaintiff has shown good cause for his request for an additional time and extends Plaintiff's Rule 4(m) deadline to serve Defendant to **November 13, 2026**.

## III. Request for Alternative Service to the Kansas Secretary of State

Plaintiff also requests the Court enter an order authorizing service upon Defendant "pursuant to Rule 4(h)(1)(A) and K.S.A. § 60-304(f) by delivery of the required documents, evidence of prior attempted service, cover letter, and statutory processing fee to the Kansas Secretary of State." In conjunction with this request, Plaintiff also requests the Court order the Clerk's Office to issue his proposed summons (Dkt. 12-2) addressed to Defendant in care of the Kansas Secretary of State. Plaintiff states in his motion that the inability to complete service results from "Defendant's apparent absence from, or inability to be located at, the publicly associated addresses."

Federal Rule of Civil Procedure 4 governs service of process in federal court. Fed. R. Civ. P. 4(h)(1) allows service on a domestic corporation:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant.

Rule 4(e)(1) permits service on an individual "following state law for serving a summons . . . in the state where the district court is located or where service is made."

Under Kansas law, service of process upon corporations is governed by K.S.A. § 60-304(e). One method of serving a corporation is by "serving any agent authorized by appointment

or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."[3] K.S.A. § 60-304(e) also provides that "[s]ervice by return receipt delivery on an officer, partner or agent must be addressed to the person at the person's usual place of business." In *Drummond*, the Court held that service by certified mail was proper where the complaint and summons were sent via certified mail (return receipt requested), addressed to the defendant corporation's registered agent, at the address listed for the corporation and for the agent on the secretary of state's website.[4]

In this case, service upon Defendant has not yet been attempted by certified mail addressed to Defendant's registered agent. Therefore, the Court finds Plaintiff's request for alternative service to the Kansas Secretary of State to be premature. K.S.A. § 60-304(f) authorizes the Kansas Secretary of State to accept service of process on behalf of a corporation "when: (1) [the corporation] fails to appoint or maintain in this state a resident agent on whom service may be had; or (2) its resident agent cannot with reasonable diligence be found at the registered office in this state." In other words, by the plain language of the statute, one of these two conditions must be met before the Kansas Secretary of State can accept service on behalf of a corporation. The website of the Kansas Secretary of State's Office provides that one of the two following conditions must be met before submitting service of process to the Secretary of State's Office:

> The serving party must have attempted to serve the entity's resident agent at the registered office on file with the Kansas Secretary of State's Office, or

---

[3] K.S.A. § 60-304(e)(3).

[4] *Drummond v. Armata Logistics, Inc.*, No. 2:13-CV-2633-EFM-KGG, 2014 WL 2897849, at *2 (D. Kan. June 26, 2014).

> The entity has failed to maintain an active resident agent in the state of Kansas. (Note: forfeited, dissolved or cancelled entities that are on record with the Kansas Secretary of State's Office do not disqualify the resident agent unless the resident agent has filed a resignation with this office. The serving party must still satisfy the attempt to serve the resident agent for these entities.).[5]

As neither condition has been met before the Kansas Secretary of State can accept service for Defendant, the Court denies Plaintiff's request for alternative service upon the Kansas Secretary of State at this time. Instead, the Court directs the Clerk's Office to issue summons to Defendant's registered agent identified on the Kansas Secretary of State's website and provide the summons and Complaint to the USMS for service by certified mail (return receipt requested).[6]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Alternative Service, for Extension of Time to Complete Service, and for Issuance of a New Summons (Dkt. 12) is GRANTED IN PART AND DENIED IN PART. Plaintiff's request for alternative service and issuance of a new summons to the Kansas Secretary of State is DENIED, but his request for extension of time to complete service is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Rule 4(m) deadline to serve Defendant is extended to **November 13, 2026.**

---

[5] Kansas Secretary of State website, https://www.sos.ks.gov/general-services/service-of-process.html.

[6] A business search for Slickwraps on the Kansas Secretary of State's website lists Jonathan Endicott as its registered agent and both its "registered office" and "principal office" address as 355 N. Mosley St., Wichita, KS 67202-2811

A copy of this Order shall be mailed to Plaintiff.

IT IS SO ORDERED.

Dated September 14, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge